**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1677
_____

ANTHONY PARKER,
                            Appellant

v.

JULIA GREENWOOD, Director; RICHARD BETTS; CATHERINE L. WORMAN,
Lehigh County Domestic Relations Section; TAMMY E. STEPHEN
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5:20-cv-05334)
District Judge:  Honorable Mitchell S. Goldberg
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 16, 2022

Before: GREENAWAY, JR., PORTER, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed  December 5, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Anthony Parker appeals pro se from the District Court's April 7, 2022 order

dismissing his complaint without leave to amend. For the reasons that follow, we will

affirm that judgment.

I.

In 2019, Parker petitioned the Lehigh County Court of Common Pleas' Domestic

Relations Section ("the LCDRS") to modify certain child-support orders that had been

issued against him years earlier. When Parker subsequently failed to attend the hearings

for those petitions, a judge dismissed the petitions without prejudice.

In 2020, Parker filed a complaint and an accompanying motion to proceed in

forma pauperis ("IFP") in the District Court. The complaint was brought against four

LCDRS employees, and it alleged that the defendants had violated Parker's constitutional

rights and certain federal statutes in connection with the child-support-modification

proceedings. In light of these allegations, Parker sought damages and a "declaration" that

the defendants had violated his rights.

The District Court granted Parker's IFP motion and screened his complaint

pursuant to 28 U.S.C. § 1915(e)(2). In March 2021, the District Court dismissed all but

one claim against one defendant. The remaining claim was brought against Tammy

Stephens, a LCDRS court operations officer.[1] This claim alleged that Stephens violated

Parker's constitutional rights by (1) returning to Parker his objections to the outcome of

_____

[1] Parker's complaint misspelled her last name "Stephen."

2

the LCDRS hearings that he had failed to attend, and (2) refusing to submit his related notice of appeal to the Pennsylvania Superior Court.

Stephens subsequently moved to dismiss the remaining claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Parker then moved for leave to amend the complaint, seeking to add as a defendant a LCDRS judge who had entered several orders in 2021. On April 7, 2022, the District Court granted Stephens's motion to dismiss based on its conclusion that the remaining claim was barred by the doctrine of judicial immunity, denied Parker's motion for leave to amend as futile (because the LCDRS judge was entitled to judicial immunity), dismissed Parker's complaint, and directed the District Court Clerk to close the case. Parker then timely filed this appeal, challenging the April 7, 2022 order.[2]

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant Stephens's motion to dismiss. See Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "[W]e review the District Court's denial of leave to amend for abuse of discretion, and review *de novo* its determination that amendment would be futile." United States ex rel. Schumann v. AstraZeneca Pharms. L.P., 769 F.3d 837, 849 (3d Cir. 2014). We may affirm the District

---

[2] Parker's appellate brief does not appear to challenge the District Court's March 2021 order dismissing the other claims and defendants. Accordingly, we deem any such challenge forfeited. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016).

Court's judgment on any basis supported by the record.  See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

We need not decide whether Stephens is immune from suit because the remaining claim against her otherwise fails to state a claim under Rule 12(b)(6).  The dismissal of Parker's 2019 child-support-modification petitions was in accordance with the Lehigh County Court of Common Pleas' Family Court Division's Local Rule 1910.12(d)(1) (available at https://lccpa.org/family/LCCPAFamilyCourtRules.pdf),[3] which authorizes the dismissal of a movant's petition if he fails to appear for the hearing.  Given that Parker does not challenge that local rule here, and since the dismissal of his petitions was without prejudice and did not address their merits, we discern no viable constitutional claim stemming from the fact that Stephens returned to Parker his objections to the outcome of the hearings that he failed to attend.  Nor has Parker established a viable claim based on Stephens's alleged refusal to submit his related notice of appeal to the Superior Court.  Assuming for the sake of argument that Parker had a right to appeal from the without-prejudice dismissal of his modification petitions — Parker alleges that Stephens told him that he had no such right — he has failed to allege facts demonstrating that, in light of Stephens's alleged conduct, he lost the ability to pursue a "nonfrivolous, arguable underlying claim."  See Christopher v. Harbury, 536 U.S. 403, 415 (2002) (internal quotation marks omitted).[4]

---

[3] The LCDRS is part of the Family Court Division.  See https://lccpa.org/drs/.

[4] Again, Parker's 2019 modification petitions were dismissed *without* prejudice.  After that dismissal, he was able to file, and he did in fact file, additional rounds of

4

As for the District Court's decision to deny, as futile, Parker's motion for leave to amend his complaint by adding an LCDRS judge as a defendant, we find no error in that decision. We agree with the District Court that Parker's attempt to add the LCDRS judge was barred by the doctrine of judicial immunity.[5]

In view of the above, we will affirm the District Court's judgment. To the extent that Parker seeks any other relief from us, that relief is denied.

---

modification petitions in the LCDRS.

[5] Although the doctrine of judicial immunity does not apply when a judge "has acted in the clear absence of all jurisdiction," Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (internal quotation marks omitted), Parker has not established that this narrow exception applies here. We also note that, while the doctrine does not bar a claim for declaratory relief, see Larsen v. Senate of Pa., 152 F.3d 240, 249 (3d Cir. 1998), there is no such claim here. Declaratory relief is "prospective in nature," CMR D.N. Corp. v. City of Philadelphia, 703 F.3d 612, 628 (3d Cir. 2013), while Parker's request for a "declaration" that the LCDRS judge violated his rights seeks to address alleged conduct in the past.